**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:12 am, Sep 01, 2020

| | |
|---|---|
| CHAD MCCLURE, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-32 |
| v. | |
| A. HYERS, et al., | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Sharon Lewis' Motion to Dismiss.  Doc. 32.  Also pending before the Court are Plaintiff's Motion to Amend, doc. 42, and Motion for Extension of Time to Complete Discovery.  Doc. 74.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Amend.  Doc. 42.  The Court **DIRECTS** the Clerk of Court to create a separate docket entry for Document Number 42 as Plaintiff's Second Amended Complaint.  Upon screening Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** the claims against Mr. Dozier, Mr. Sauls, and Correct Care Solutions.  I also **RECOMMEND** the Court **GRANT in part** and **DENY as moot in part** Defendant Lewis' Motion to Dismiss and **DISMISS** all of Plaintiff's claims against Defendant Lewis.  Doc. 32.  I **DENY as moot** Plaintiff's Motion for Extension of Time to Complete Discovery.  Doc. 74.

**BACKGROUND**

Plaintiff brought this 42 U.S.C. § 1983 action while incarcerated at Coffee Correctional Facility in Nicholls, Georgia, in order to challenge certain conditions of his confinement.  Doc. 1.  Plaintiff filed this action on April 10, 2018, and filed an Amended Complaint on September 11, 2018.  Docs. 1, 10.  Plaintiff alleges that Defendants Hall, Stone, Augustin, Stewart, Lewis, Arebeck, Hyers, Cox, Johnson, and Bell were deliberately indifferent to his "obvious medical needs" and delayed necessary treatment, violating his Eighth Amendment rights.  Doc. 1 at 7–11; Doc. 10 at 1–11.

Plaintiff's claims relate to the medical care he received for his shoulder, which he dislocated several times, the first of which occurred on December 6, 2016.  Doc. 10 at 4.  Plaintiff alleges Defendants failed to provide even minimally adequate medical care for his shoulder and continually delayed treatment, amounting to more than mere negligence.  Specifically, Plaintiff alleges Defendants initially offered only over-the-counter pain medication for his dislocated shoulder.  Doc. 10 at 7.  Further, Plaintiff alleges Defendants refused to provide him an MRI, obtain the medical opinions of a specialist, or prescribe physical therapy.  Id.  Plaintiff maintains these delays and deficient treatments have caused, and will continue to cause, long-term damage.  Id.

Plaintiff alleges the denial of medical care he experienced is part of a "systemic, accepted practice" or policy of deliberately denying inmates medical care.  Id. at 8–11.  Plaintiff alleges Defendants Hall, Stone, Lewis, Stewart, and Augustin are responsible for this policy.  Id.  He also alleges that their subordinates (Defendants Arebeck, Hyers, Cox, Johnson, and Bell) violated his constitutional rights through actions taken pursuant to these unwritten policies, customs, or practices.  Id.  As relief, Plaintiff requests a declaratory judgment, an injunction to

2

"force" Defendants to treat his injury, as well as $15,000 in compensatory damages and $30,000 in punitive damages "against each defendant, jointly and [severally,]" recovery of court costs, and any other relief the Court determines is proper.  Id. at 12.

The Court conducted the requisite frivolity screening under 28 U.S.C. § 1915A and determined that Plaintiff set forth a non-frivolous claim for deliberate indifference against all Defendants.  Doc. 16 at 1.  On September 13, 2019, Defendant Lewis filed a Motion to Dismiss, doc. 32, to which Plaintiff responded in opposition, doc. 38.  On October 9, 2019, Plaintiff filed a Motion seeking leave to amend his Complaint.  Doc. 42.  Also pending before the Court is Plaintiff's Motion for Extension of Time to Complete Discovery.[1]  Doc. 74.

## DISCUSSION

### I.   Plaintiff's Motion to Amend and Supplement

On October 9, 2019, Plaintiff filed a Motion seeking leave to amend his Complaint. Doc. 42.  As discussed in greater detail below, Plaintiff actually seeks both leave to amend under Federal Rule of Civil Procedure 15(a) and leave to supplement under Federal Rule of Civil Procedure 15(d).

### A.   Amendment Under Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1). Recognized pleadings are listed in Federal Rule of Civil Procedure 7(a) as a complaint, an

---

[1]     The following motions are also pending: (1) Defendants Hall and Stone's motion for summary judgment, doc. 80; (2) Defendants Augustin, Bell, Cox, Hyers, Johnson, and Stewart's motion for summary judgment, doc. 83, and; (3) Defendants' joint motion for extension of time, doc. 84.  The Court will address these motions separately.

answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer.  The term "responsive pleading" used is Rule 15(a) is defined by reference to those pleadings in Rule 7(a).  <u>Zaidi v. Ehrlich</u>, 732 F.2d 1218, 1220 (5th Cir. 1984).  More than 21 days have passed since Plaintiff filed his Complaint on April 10, 2018; thus, Plaintiff cannot amend as a matter of course.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

As discussed above, in his Amended Complaint, Plaintiff alleges Defendants failed to provide even minimally adequate medical care for his shoulder and continually delayed treatment, amounting to more than mere negligence.  In his proposed Second Amended Complaint, Plaintiff realleges and incorporates the contents of his Amended Complaint and also adds allegations not included in his Amended Complaint.  Doc. 42 at 2–8.  These allegations in Plaintiff's proposed Second Amended Complaint are a continuation of those in his Amended Complaint and merely describe conduct that occurred after he filed his Amended Complaint.

Defendants argue the Court should not grant Plaintiff leave to file a Second Amended Complaint.  Doc. 43.  Defendants' principal argument is that Plaintiff's proposed amendment would create undue delay in this case.[2]  <u>Id.</u> at 3.  The Scheduling Notice in this case gave the

---

[2]     Defendants also argue the Court should deny Plaintiff leave to amend, because his motion fails to comply with the requirements of Federal Rule of Civil Procedure 7(b)(1).  Doc. 47 at 2–3.  Under the Federal Rules of Civil Procedure, a motion to amend should either set forth the substance of the proposed

parties until October 6, 2019 to file motions to amend or add parties.  Doc. 22.  Plaintiff signed

his proposed Second Amended Complaint on October 4, 2019.[3]  Doc. 42 at 23.  Thus, the Court

cannot conclude the timing of Plaintiff's request to amend constitutes undue delay.  See

Willoughby v. Youth Villages, Inc., 1:13-cv-3910, 2014 WL 12543921, at *2–3 (N.D. Ga. Oct.

10, 2014) (finding plaintiff had not engaged in undue delay in seeking amendment, where

plaintiff's motion was filed nine days after the court's deadline for amendments, but where the

court built in exceptions to its deadline).  Indeed, it appears Plaintiff diligently sought to amend

within the deadline established by the Court.

Defendants do not argue they will be prejudiced by amendment, only that the Court "may

examine whether any prejudice" will result from amendment.  Doc. 43 at 3.  By not offering any

argument, Defendants fail to carry their burden of showing they would suffer undue prejudice if

amendment were allowed.  See, e.g., Allstate Ins. Co. v. Regions Bank, Civil Action No. 14-

0067, 2014 WL 4162264, at *6 (S.D. Ala. Aug. 19, 2014) ("The burden lies with [defendant], as

the party opposing amendment, to show that it would suffer undue prejudice if [plaintiff] were

allowed to amend its complaint at this time.").  Thus, Defendants fail to show that any prejudice

they may suffer "will be undue, as opposed to the sort of inherent, run-of-the-mill prejudice

occurring whenever a Rule 15 motion is granted."  Id.

Because Defendants have offered no substantial reason to deny leave to amend under

Rule 15, Plaintiff's Motion should be granted.  See Bowers v. U.S. Parole Comm'n, Warden, 760

---

amendment or attach a copy of the proposed amendment.  Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).  Plaintiff adequately sets forth the substance of the proposed amendment in his Motion.

[3]         "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).  "'Absent evidence to the contrary,' [courts] 'assume that the prisoner's filing was delivered to prison authorities the day he signed it.'"  Id. (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

F.3d 1177, 1185 (11th Cir. 2014) (holding a district court should grant a Rule 15(a) motion "unless there are substantial reasons to deny" it) (alterations omitted).  On that basis, the Court concludes that the interests of justice favor allowing Plaintiff to amend his Complaint at this time and that the proposed amendment passes muster under the liberal Rule 15(a)(2).

**B.      Supplementation Under Rule 15(d)**

As discussed above, Plaintiff seeks both leave to amend and leave to supplement.  A supplemental pleading under Federal Rule of Civil Procedure 15(d) is one "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Plaintiff details events occurring from April 6, 2018 to September 12, 2019 in his proposed Second Amended Complaint.  Doc. 42 at 9–13.  Plaintiff's Amended Complaint was filed September 11, 2018.  Doc. 10.  Thus, Plaintiff seeks both leave to amend his complaint and leave to supplement his complaint.

Rule 15(d) allows a court, "[o]n motion and reasonable notice" and "on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The Rule "is intended to give the court broad discretion in allowing a supplemental pleading."  Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.  However, "'[a]s written, . . ., Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading on just terms.'"  W. Ala. Women's Ctr. v. Miller, 318 F.R.D. 143, 147 (M.D. Ala. 2016) (quoting U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015)).

Courts have articulated a few general guidelines for supplements under Rule 15(d).  First, "in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests

to supplement under Rule 15(d) liberally." U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015); United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 182 F. App'x 921, 925 (11th Cir. 2006) (noting a "policy of liberal amendments and supplements to the pleadings under Rule 15" and citing Harris v. Garner, 216 F.3d 970, 984 (11th Cir. 2000)).  While the court's discretion is broad and should be exercised liberally, Rule 15(d) has limits.  Specifically, supplementation must be based on a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Some courts have concluded that the supplemental allegations must have "some relation" to the original complaint. W. Ala. Women's Ctr., 318 F.R.D. at 147 (citing Rowe v. U.S. Fid. & Guar. Co., 421 F.2d 937, 943 (4th Cir. 1970)).  A court should also consider futility, prejudice, unreasonable delay, and efficiency associated with the requested supplement. Id. (citing Gadbois, 809 F.3d at 7).  None of these factors are necessarily dispositive, so a court should "weigh the totality of circumstances." Id.  Finally, a motion to supplement may be denied where the facts giving rise to the new allegations are "very recent" and "still evolving." Brennan v. Thomas, 780 F. App'x 813, 819 (11th Cir. 2019) (affirming denial of motion to supplement to allege facts related to ongoing course of medical treatment).

Plaintiff's proposed supplementation covers events occurring after Plaintiff filed his Amended Complaint, satisfying that requirement of Rule 15(d).  Plaintiff's supplementation also bears "some relation" to what is sought to be supplemented. Rowe, 421 F.2d at 943.  Plaintiff's allegations concern ongoing medical care he received for his arm and shoulder.  Doc. 10 at 7. Plaintiff's supplementation alleges how Defendants continued providing deficient medical care well past the date Plaintiff filed his Amended Complaint.  Doc. 42 at 9–13.  Absent leave to supplement, Plaintiff would potentially need to litigate two cases related to the medical care he

received for his arm, with the date of his Amended Complaint arbitrarily dividing the two

actions.  Thus, allowing Plaintiff to supplement promotes the efficient administration of justice.

W. Ala. Women's Ctr., 318 F.R.D. at 148 (quoting New Amsterdam Cas. Co. v. Waller, 323

F.2d 20, 28–29 (4th Cir. 1963)).

      For the reasons stated above, the Court **GRANTS** Plaintiff's Motion seeking leave to

amend his Complaint.  Doc. 42.  The Court **DIRECTS** the Clerk of Court to create a separate

docket entry for Document Number 42 as Plaintiff's Second Amended Complaint.

## II.    Frivolity Screening of Plaintiff's Second Amended Complaint

      Having granted Plaintiff leave to amend and supplement, the Court will now conduct an

initial screening of Plaintiff's Second Amended Complaint.  28 U.S.C. §§ 1915A(a), 1915(a).

During the screening, the Court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the Court must dismiss Plaintiff's Second Amended Complaint (or

any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief

may be granted, or which seeks monetary relief from a defendant who is immune from such

relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those

drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519,

520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding

procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

      A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not"

suffice.  Twombly, 550 U.S. at 555.

A large portion of Plaintiff's Second Amended Complaint comes directly from, and is

identical to, Plaintiff's Amended Complaint.  Compare Doc. 42 at 2–8 with Doc. 10 at 2–7.

Plaintiff's claims arising from these facts have already undergone frivolity review and the

Defendants relevant to those claims have been joined, so there is no need to review those claims

again.[4]  See Doc. 16.  As discussed above, Plaintiff's Second Amended Complaint is factually

similar to his Amended Complaint, and he alleges Defendants continued to deny or delay his

medical care much in the same manner as before.  The pending claims related to the current

Defendants remain undisturbed.  While the factual allegations remain much the same, Plaintiff

does seek to add as Defendants Gregory Dozier, Randy Sauls, and Correct Care Solutions.

Doc. 42 at 15–18.

Plaintiff's claims against Defendants Gregory Dozier, Randy Sauls, and Correct Care

Solutions concern these Defendants' roles as supervisors and policymakers.  "To state a claim

against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal

involvement in the violation of his constitutional rights, (2) the existence of a custom or policy

that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting

an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or

---

[4]    The Court conducted the requisite frivolity review and issued a Report and Recommendation on June 12, 2019, doc. 16, which was adopted as the Order of the Court on July 23, 2019.  Doc. 18.  In its Report and Recommendation, the Court allowed Plaintiff's claim for deliberate indifference to serious medical needs against all Defendants to proceed but determined Plaintiff failed to adequately allege non-frivolous due process and equal protection claims against any Defendant and recommended dismissal of those claims.  Doc. 16 at 13–15.  The Court adopted the recommendations and dismissed those claims. Doc. 18.

(4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." <u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011).  Plaintiff alleges Mr. Dozier, Mr. Sauls, and Correct Care Solutions, in their roles as policymakers, created written and unwritten policies, customs, or practices which gave authorization to subordinates to intentionally deny Plaintiff adequate medical care.  Doc. 42 at 15–18.  However, Plaintiff alleges no facts in support of his conclusory allegations, and indeed, no facts at all related to these individuals and entity.  <u>Id.</u> at 1–24.  Plaintiff simply alleges that these individuals' (or this entity's) subordinates or employees harmed him; therefore, they must have created a policy to do so.  <u>Id.</u>  Such threadbare and generalized allegations are insufficient to state claims against Mr. Dozier, Mr. Sauls, and Correct Care Solutions liable for violations allegedly committed by subordinates.  Therefore, I **RECOMMEND** the Court **DISMISS** the claims against Mr. Dozier, Mr. Sauls, and Correct Care Solutions.

### III.   Motion for Extension of Time to Complete Discovery

On February 27, 2020, Plaintiff filed a Motion for Extension of Time to Complete Discovery, seeking an extension to the discovery period in this case.  Doc. 74 at 1.  Defendants oppose this extension.  Doc. 76.

The Clerk of Court issued a Scheduling Notice in this case setting the deadline for the close of discovery as December 24, 2019.  Doc. 22 at 1.  Upon granting Plaintiff's previous motion, the Court extended the discovery deadline to March 23, 2020.  Doc. 58 at 1.  Plaintiff now seeks a 90-day extension to the discovery period in this case, seeking to extend the discovery deadline to June 21, 2020.  Doc. 74.  Defendants argue Plaintiff's Motion should be denied.  Doc. 76.  Defendants maintain written discovery in this case is complete, and Plaintiff's deposition has been conducted.  <u>Id.</u> at 2.  Defendants also note Plaintiff seeks such an extension

to serve discovery on individuals listed for the first time in Plaintiff's Second Amended Complaint, but said individuals have not yet been served.  Id.  Defendants are correct that the "new" individuals Plaintiff sought to join have yet to be served.  Additionally, I recommend dismissal of the claims against the individuals mentioned for the first time in Plaintiff's Second Amended Complaint.  In light of these facts, I **DENY** Plaintiff's Motion for Extension of Time to Complete Discovery.  Doc. 74.

## IV.    Defendant Lewis' Motion to Dismiss Plaintiff's Complaint

Having granted Plaintiff leave to amend, the Court now addresses Defendant Lewis' pending Motion to Dismiss.  Doc. 32.  Defendant Lewis argues Plaintiff's claims against her should be dismissed for failure to state a claim upon which relief can be granted.  Doc. 32.  In support of her Motion, Defendant Lewis argues: (1) she cannot be held liable for Plaintiff's claims against her based solely on her supervisory role; (2) the prison grievance system does not provide an inmate a constitutionally protected interest; (3) Plaintiff failed to plausibly allege a conspiracy; (4) she is entitled to immunity under the Eleventh Amendment; and (5) she is entitled to qualified immunity.  Doc. 32-1 at 4–14.

Normally, an amended complaint supersedes the original complaint, and thus, renders moot a pending motion to dismiss the original complaint.  Smith v. Hatcher, No. CV 2:19-167, 2020 WL 2220309, at *1 (S.D. Ga. May 7, 2020) (citing Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)).  However, that practice is not applicable where there is no discernible difference between the operative complaint and the amended complaint.  Gandy v. VT Mae, No. 18-00381, 2019 WL 4047614, at *1 n.1 (S.D. Ala. Aug. 7, 2019) (collecting cases); Johnson v. Fulton County, No. 1:17-cv-3921, 2018 WL 2350172, at *1 (N.D. Ga. Apr. 12, 2018) ("However, that rule is not applicable where, as here, there is no discernible

difference between the Second and Third Amended Complaints.").  In granting a plaintiff's motion to amend, "the court may consider [d]efendants' motions to dismiss the original complaint as being addressed to the amended complaint, because the deficiencies alleged to be present in the original complaint are also present in the amended complaint."  Roberts v. Nat'l City Mortg. Inc., No. 1:10-cv-706, 2011 WL 13319168, at *2 (N.D. Ga. Jan. 26, 2011).

In his Amended Complaint, Plaintiff alleges Defendant Lewis, as Medical Director for the Georgia Department of Corrections ("GDOC"), is a final policymaker responsible for medical care throughout the GDOC.  Doc. 10 at 9.  Plaintiff states that Defendant Lewis, in her role as Medical Director, promulgated—or conspired with others to create and enforce—written and unwritten policies, customs, or practices which authorized subordinates to deliberately deny Plaintiff adequate medical care.  Id.  Plaintiff also alleges Defendant Lewis "witnessed" subordinates exhibit deliberate indifference to Plaintiff's serious medical needs, and she failed to correct the misconduct of her subordinates.  Id.  Plaintiff repeats these allegations verbatim in his Second Amended Complaint, and any arguments directed at these claims or legal theories remain relevant to Plaintiff's Second Amended Complaint.  Doc. 42 at 4–5.  In his Amended Complaint, Plaintiff mentions only a single instance where Defendant Lewis personally took any action connected to his medical care, where she denied Grievance Number 243994 on appeal.  Doc. 10 at 5.  In his Second Amended Complaint, Plaintiff realleges Defendant Lewis denied Grievance Number 243994, doc. 42 at 7, but adds the allegation she later denied another grievance— Grievance Number 254115—on appeal.  Id. at 10.  Between his two Complaints, Plaintiff's legal theories do not change, and Plaintiff adds only another instance of the same alleged conduct.  Because the claims and legal bases remain the same in the Second Amended Complaint, there is only a negligible difference in the two Complaints pertaining to Defendant Lewis' involvement.

Furthermore, Defendant Lewis' arguments in her Motion to Dismiss apply with equal force to Plaintiff's allegations against her in the Second Amended Complaint.  Accordingly,  the Court may consider Defendant Lewis' Motion to Dismiss as addressing Plaintiff's Second Amended Complaint.

### A.      Plaintiff's Allegations Concerning Defendant Lewis

In his Second Amended Complaint, Plaintiff describes an injury to his right shoulder he received on December 6, 2016.  Doc. 42 at 6.  Plaintiff then describes his treatment, or lack thereof, for the initial injury and complications from the injury between December 6, 2016 and September 22, 2019.  Id. at 6–13.  Plaintiff's chief complaints concern certain Defendants' refusal to conduct an MRI—Plaintiff contends an x-ray was insufficient—and the use of inadequate pain medications.  Id. at 11, 14.

Although Plaintiff makes detailed allegations concerning some Defendants, Plaintiff's allegations concerning Defendant Lewis are far more limited.  Plaintiff alleges Defendant Lewis denied two appeals on two grievances he filed related to his medical care.  Id. at 7, 10.  Beyond that, Plaintiff makes only conclusory allegations regarding Defendant Lewis' role as a "final policy maker" for the GDOC, asserting that she is "responsible for the legal operation of all inmates' medical care and treatment throughout the Georgia prison system, including at CCF, and the promulgation of policies to guide subordinates conduct."  Id. at 4–5.  Plaintiff also alleges Defendant Lewis violated his rights by "witnessing" other Defendants' deliberate indifference to his medical needs, "conspiring with others (such as other herein defendants)" to create and enforce policies, and "by failing to correct" other Defendants' misconduct.  Id. at 20–21.  These assertions are not supported by any discernible or specific factual allegations.

**B.      Standard of Review**

Under a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the

complaint as true and construe them in the light most favorable to the plaintiff.  Belanger v.

Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).  "A complaint must state a facially

plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'"  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010)

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action" does not suffice.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a probability requirement, but it asks for more

than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief."  Id. (internal punctuation and citation

omitted).  While a court must accept all factual allegations in a complaint as true, this tenet "is

inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements," are insufficient.  Id.

**C.      Claims Based on Denial of Grievance Procedures**

In terms of specific factual allegations against Defendant Lewis, Plaintiff alleges

Defendant Lewis denied two appeals on two grievances Plaintiff filed.  Doc. 42 at 7, 10.

Defendant Lewis argues, to the extent Plaintiff's claims against her are based upon the prison

grievance procedure, these claims should be dismissed, as a prison grievance procedure does not

provide a prisoner with a constitutionally protected interest.  Doc. 32-1 at 3.  In response,

Plaintiff explains he is not asserting any claim in this action against Defendant Lewis based on the fact she denied his grievance appeals.  Doc. 38 at 4–5.  Moreover, the Court, in its June 12, 2019 Report and Recommendation, found that Plaintiff's claims related solely to medical care and there was no factual basis for any procedural due process claim.  Doc. 16 at 14; Doc. 18 (adopting report and recommendation).  Accordingly, I **RECOMMEND** the Court **DENY as moot** this portion of Defendant's Motion to Dismiss.

    **D.**    **Official Capacity Claims**

    Defendant Lewis next argues Plaintiff's monetary damages claims against her in her official capacity should be dismissed, as these claims are barred by the Eleventh Amendment.  Doc. 32-1 at 12.  However, in his Response to Defendant Lewis' Motion to Dismiss, Plaintiff withdraws his official capacity claims against Defendant Lewis.[5]  Doc. 38 at 10.  Therefore, I **RECOMMEND** the Court **DENY as moot** this portion of Defendant's Motion and **DISMISS** Plaintiff's claims for monetary damages against Defendant Lewis in her official capacity.

---

[5]    In his Second Amended Complaint, filed after his Response to Defendant Lewis' Motion to Dismiss, Plaintiff realleges he is suing Defendant Lewis in her official capacity.  Doc. 42 at 4.  This language comes from Plaintiff's Amended Complaint, which Plaintiff copied directly into his Second Amended Complaint.  The Court will not construe this language as Plaintiff attempting to revive his official capacity claims against Defendant Lewis, as he explicitly withdrew those claims in his Response to Defendant Lewis' Motion to Dismiss.  Doc. 38 at 10.  Moreover, such claims would clearly fail as a matter of law.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in her official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Here, the State of Georgia would be the real party in interest in a suit against Defendant Lewis in her official capacity as an employee and officer of the GDOC.  Accordingly, the Eleventh Amendment immunizes this actor from suit for monetary damages in her official capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendant Lewis in her official capacity.  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Mich. Dep't of State Police, 491 U.S. at 67.

### E.       Conspiracy

Defendant Lewis next argues Plaintiff fails to state a claim for conspiracy.  Doc. 32-1 at

9.  Plaintiff contends he has adequately stated a claim for conspiracy.  Doc. 38 at 9.  In

conducting frivolity screening of Plaintiff's Amended Complaint, the Court dismissed all claims

except Plaintiff's deliberate indifference claims.  Docs. 16, 18.  The Court did not expressly

address any conspiracy claim because Plaintiff did not set forth even an arguable claim for

conspiracy.  Plaintiff's Second Amended Complaint is essentially identical, in that Plaintiff does

not set forth any conspiracy claim against any Defendants.[6]  Regardless, Defendant Lewis moves

to dismiss any conspiracy claim, and Plaintiff contends he has alleged one, so the Court

addresses the arguments.

To state a claim for civil conspiracy under § 1983, a plaintiff must allege: (1) a violation

of his federal rights under color of state law; (2) an "understanding" among the defendants to

violate those rights; and (3) a resultant "actionable harm."  See Grider v. City of Auburn, 618

F.3d 1240, 1260 (11th Cir. 2010).  However, conclusory, vague, and general allegations of a

conspiracy are insufficient to withstand a motion to dismiss.  Fullman v. Graddick, 739 F.2d 553,

556–57 (11th Cir. 1984).  Here, Plaintiff's allegation of a conspiracy against Defendant Lewis is

entirely conclusory.  Doc. 42 at 20; Doc. 38 at 9.  Accordingly, I **RECOMMEND** the Court

**GRANT** this portion of Defendant's Motion.

### F.       Policy, Custom, or Practice Resulting in a Violation of Plaintiff's Eighth
###          Amendment Rights

Plaintiff's principal claims in this case stem from the alleged delays and deficiencies in

his medical care while incarcerated at Coffee Correctional Facility, which Plaintiff argues

---

[6]       Plaintiff vaguely alleges in passing that Defendants "conspired," but Plaintiff does not suggest in
his pleadings he is attempting to assert a conspiracy claim.  See, e.g., Doc. 42 at 20.

amounted to deliberate indifferent to his serious medical needs.  Doc. 16 at 1.  The prohibition against cruel and unusual punishment in the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate.  Farmer, 511 U.S. at 828.  However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Ross v. Corizon Med. Servs., 700 F. App'x 914, 916 (11th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Thus, in order to prove a deliberate indifference to medical care claim, a prisoner must: (1) satisfy the objective component by showing that he had a serious medical need; (2) satisfy the subjective component by showing that the prison official acted with deliberate indifference to his serious medical need; and (3) show that the injury was caused by the defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

Defendant Lewis argues she had insufficient direct or indirect involvement to find that she was deliberately indifferent under the Eighth Amendment.  Doc. 32-1 at 4.  Plaintiff does not allege Defendant Lewis was directly involved in his medical care, and instead, he seeks to impose liability based purely upon Defendant Lewis' supervisory role.[7]  Doc. 42 at 20–21.  To

---

[7]     Plaintiff does make the additional conclusory allegation that Defendant Lewis "witnessed" her subordinates' allegedly unconstitutional conduct and failed to correct it.  Doc. 42 at 20.  A plaintiff may, by demonstrating a failure to correct constitutionally offensive actions, establish a custom or policy

impose supervisory liability for § 1983 violations, a plaintiff must show either (1) the supervisor personally participated in the alleged unconstitutional conduct, or (2) there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  Piazza v. Jefferson County, 923 F.3d 947, 957 (11th Cir. 2019) (observing that the standard by which a supervisor can be held liable for the actions of a subordinate is "extremely rigorous").  Aside from the denial of grievances (discussed above), Plaintiff does not allege Defendant Lewis personally participated in the denial or delay of his medical care.  Instead, Plaintiff tries to establish a causal connection by alleging the existence of a policy or custom.  Doc. 42 at 20–21.  In his Second Amended Complaint, Plaintiff alleges Defendant Lewis created or enforced "written and unwritten policies, customs, or practices, which allowed or gave tacit authorization to all [of] her subordinates" to intentionally deny Plaintiff's medical needs.  Id.  To prove liability based upon a policy or custom, a plaintiff must prove the existence of a policy or custom of deliberate indifference, and that this policy or custom led to the violation of their constitutional rights.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978).  Plaintiff fails to adequately allege either.

Plaintiff asserts in conclusory terms Defendant Lewis created a policy or custom that resulted in deliberate indifference to his serious medical needs.  Doc. 42 at 20–21.  "[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple

---

through deliberate indifference or tacit approval.  Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987).  However, the official must be aware of the past conduct, and there must be a pervasive practice of constitutional violations.  Church v. City of Huntsville, 30 F.3d 1332, 1345 (11th Cir. 1994).  Here, Plaintiff does not allege Defendant Lewis was aware of past misconduct.  Plaintiff only alleges she "witness[ed]" subordinates' misconduct related to his own medical care.  Doc. 42 at 20.  Plaintiff's allegation that Defendant Lewis witnessed misconduct is entirely devoid of facts.  Plaintiff does not say what misconduct Defendant Lewis witnessed, when she witnessed this misconduct, or which subordinates she witnessed on any given occasion.  And Plaintiff does not allege a pervasive practice of constitutional violations.  To the extent Plaintiff claims Defendant Lewis witnessed and failed to correct her subordinates' misconduct, such a claim should be dismissed.

incidents . . . or multiple reports of prior misconduct by a particular employee . . . ." Piazza, 923 F.3d at 957 (internal citations omitted).  "A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several subordinates." Id. (quoting Craig v. Floyd County, 643 F.3d 1306, 1312 (11th Cir. 2011)); accord Goebert, 510 F.3d at 1332 (finding plaintiff failed to meet "'extremely rigorous' standard for supervisory liability" when plaintiff failed to show any other inmate exposed to policy or custom violating the Eighth Amendment).  Plaintiff points only to his own medical care (and, ostensibly, only to the denial of his requests for an MRI) to show the existence of a policy or custom; such an allegation is insufficient to show the existence of a policy or custom resulting in deliberate indifference.[8]

Even assuming Plaintiff had alleged the existence of a policy or custom, he would have to show the policy or custom in question actually caused the violation.  McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  In his Second Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent by not providing him with an MRI, physical therapy, or effective pain medication.  Doc. 42 at 6–13.  To establish deliberate indifference based upon a policy or custom, Plaintiff would have to show that the alleged policy or custom (versus, for example, prison doctors' medical judgment) was the "moving force" behind Defendants' decisions regarding his medical care.  Morris v. Johnson, No. 3:16-cv-15, 2019 WL 2360886, at

---

[8]   Plaintiff makes a single allegation that all Defendants' actions are motivated by the financial goals of Core Civic Solutions.  Doc. 42 at 14.  This allegation is insufficient to allege a policy or practice claim against Defendant Lewis.  First, factoring in cost to medical care decisions is generally not, in itself, a violation of the Eighth Amendment.  See Winslow v. Prison Health Servs., 406 F. App'x 671, 674 (3d Cir. 2011) ("[T]he complaint's allegation that [plaintiff] was harmed by 'policies to save money' is exceedingly conclusory[.]").  Plaintiff's vague and generalized allegation that Defendants make medical care decisions based on cost concerns is insufficient to constitute a discernible policy, custom, or practice, and any claim against Defendant Lewis based on that allegation should be dismissed.

*7 (N.D. Fla. May 3, 2019) (citing <u>McDowell v. Brown</u>, 392 F.3d 1283, 1292 (11th Cir. 2004)).

Plaintiff fails to adequately allege any policy or custom was the "moving force" behind

Defendants' medical decisions.  Plaintiff merely asserts his medical care was deficient, alleges

the existence of a policy or custom, and then concludes that all Defendants' acts and omissions

must be a result of this policy.  Plaintiff's allegations fail to allege a plausible policy or custom

claim against Defendant Lewis.  Accordingly, I **RECOMMEND** the Court **DISMISS** all of

Plaintiff's claims against Defendant Lewis.  Because I recommend dismissal of all claims against

Defendant Lewis, I decline to address Defendant Lewis' qualified immunity argument.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Amend.

Doc. 42.  The Court **DIRECTS** the Clerk of Court to create a separate docket entry for

Document Number 42 as Plaintiff's Second Amended Complaint.  Upon screening Plaintiff's

Second Amended Complaint under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS**

the claims against Mr. Dozier, Mr. Sauls, and Correct Care Solutions.  I also **RECOMMEND**

the Court **GRANT in part** and **DENY as moot in part** Defendant Lewis' Motion to Dismiss

and **DISMISS** all of Plaintiff's claims against Defendant Lewis.  Doc. 32.  I **DENY as moot**

Plaintiff's Motion for Extension of Time to Complete Discovery.  Doc. 74.

The Court instructs any party seeking to object to this Report and Recommendation to

file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  <u>See</u> 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).

Any objections asserting that the Magistrate Judge failed to address any contention raised in the

Complaint must also be included.  Failure to do so will bar any later challenge or review of the

factual findings or legal conclusions of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);

Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA